**Linda N. HOOVER, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

**No. 04–3181.**

United States Court of Appeals, Federal Circuit.

Aug. 11, 2004.

Linda N. Hoover, of Counsel Attorney, LaVergne, TN, for Petitioner.

Andrew P. Averbach, Principal Attorney, David M. Cohen, Deborah A. Bynum, Of Counsel Attorneys, Washington, DC, for Respondent.

Before NEWMAN, RADER, and BRYSON, Circuit Judges.

PER CURIAM.

Linda N. Hoover appeals the decision of the Merit Systems Protection Board, Docket No. AT831E020821–I–1, denying her request for disability annuity benefits under the Civil Service Retirement System (CSRS). We *affirm.*

## BACKGROUND

Ms. Hoover was formerly a customer service contact representative with the Internal Revenue Service. She voluntarily resigned that position on March 11, 2001. Ms. Hoover applied for CSRS disability retirement benefits on May 7, 2001, claiming disability as of March 11, 2001 based on arthritis in her neck, back, and legs, bladder incontinence, migraine headaches, irritable bowel syndrome, stress, chronic anxiety, and depression. In support of her application, Ms. Hoover provided letters and medical reports from her psychiatrist and two physicians, each noting a chronic depressive disorder and various other ailments, but none stating that she suffered from any medical condition that prevented her from working.

The Office of Personnel Management denied Ms. Hoover's application for disability retirement benefits, finding a lack of objective medical evidence to support the contention that her medical condition prevented her from working. The OPM ruled that the evidence did not support a finding that she was disabled before her resignation, and also remarked that the IRS had offered Ms. Hoover a reduced work schedule, as a physician had requested.

Ms. Hoover appealed to the Merit Systems Protection Board, and included with her appeal a September 24, 2002 decision of the Social Security Administration awarding social security payments based on disability, and reportedly finding that Ms. Hoover could not perform her past work. The administrative judge, reviewing the medical records for periods before and after her retirement, found that "the medical reports and other medical evidence lack specific findings to substantiate the diagnoses set forth therein and/or to establish the existence of conditions that prevent the performance of her duties." The administrative judge held that the disability decision of the Social Security Administration did not establish that Ms. Hoover was disabled while she was still employed. Citing *Klein v. Office of Personnel Management,* 71 M.S.P.R. 366, 372 (1996), the administrative judge held that "proof of stress, anxiety, and discomfort at work is not enough by itself to establish disability; the evidence must also demonstrate that these factors are so severe as to prevent an employee from performing the specific duties of the position in question."

The full Board denied review, and this appeal followed.

## DISCUSSION

A decision of the MSPB must be affirmed unless it is (1) arbitrary, capricious,

an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c); *United States Postal Serv. v. Gregory*, 534 U.S. 1, 6, 122 S.Ct. 431, 151 L.Ed.2d 323 (2001).

Ms. Hoover states that the Board failed to consider the medical documents or opinions of her treating physicians, and that the medical records from at least one of her physicians were not available for review by the administrative judge. The government states that substantially all of the records were before the administrative judge, and that the evidence did not establish that Ms. Hoover was unable to work. The government stresses that Ms. Hoover retired for personal reasons, not for medical reasons of inability to work.

 We have no authority to review whether Ms. Hoover was disabled. *Trevan v. Office of Personnel Management*, 69 F.3d 520, 523–24 (Fed.Cir.1995) (Federal Circuit cannot review the merits of disability findings). We have, however, reviewed whether the MSPB's decision was based on procedural error. Ms. Hoover's argument that the Social Security Administration found that she was entitled to disability payments does not establish entitlement to disability retirement under the criteria of the CSRS. *Id.* at 526 (the Board must consider the SSA disability award, but this award does not establish entitlement to disability retirement). The Board's decision must be affirmed.

No costs.